CIVIL, CLOSED

# U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CIVIL DOCKET FOR CASE #: 2:07-cv-02100-FCD-JFM

Litschke v. PepsiCo Inc., et al
Assigned to: Judge Frank C. Damrell, Jr
Referred to: Magistrate Judge John F. Moulds
Cause: 28:1332 Diversity-Property Damage

Date Filed: 10/05/2007
Date Terminated: 03/25/2008
Jury Demand: Plaintiff
Nature of Suit: 380 Personal Property: Other
Jurisdiction: Diversity

**Plaintiff**

**Amanda Litschke**                    represented by    **C Brooks Cutter**
Kershaw Cutter and Ratinoff LLP
401 Watt Avenue
Sacramento, CA 95864
(916) 448-9800 x401
Fax: (916) 669-4499
Email: bcutter@kcrlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**PepsiCo, Inc.**                      represented by    **Joshua Judah Pollack**
Proskauer Rose LLP
2049 Century Park East
Ste 3200
Los Angeles, CA 90067-3206
(310) 284-5677
Fax: (310) 557-2193
Email: jpollack@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Pepsi Bottling Group, Inc.**

**Defendant**

**Pepsi Bottling Ventures, LLC**       represented by    **Donald H. Tucker, Jr.**
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
2500 Wachovia Capitol Center

P.O. Box 2611
Releigh, NC 27606-2611
(919) 821-6681
Fax: (919) 821-6800
Email: dtucker@smithlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2007 | 1 | CIVIL COVER SHEET by Amanda Litschke (Cutter, C) (Entered: 10/05/2007) |
| 10/05/2007 | 2 | COMPLAINT *[Class Action]* against PepsiCo, Inc., The Pepsi Bottling Group, Inc., Pepsi Bottling Ventures, LLC by Amanda Litschke. Attorney Cutter, C Brooks added. (Cutter, C) (Entered: 10/05/2007) |
| 10/05/2007 | | RECEIPT number #CAE200001646 of $350.00 fbo Amanda Litschke by C. Brooks Cutter on 10/5/2007. (Marciel, M) (Entered: 10/05/2007) |
| 10/05/2007 | 4 | SUMMONS ISSUED as to *PepsiCo, Inc., The Pepsi Bottling Group, Inc., Pepsi Bottling Ventures, LLC* with answer to complaint due within *20* days. Attorney *C. Brooks Cutter* *Kershaw, Cutter & Ratinoff, LLP* *980 - 9th Street, 19th Floor* *Sacramento, CA 95814*. (Marciel, M) (Entered: 10/05/2007) |
| 10/05/2007 | 5 | CIVIL NEW CASE DOCUMENTS ISSUED (Attachments: # 1 Consent Forms # 2 VDRP Forms) (Marciel, M) (Entered: 10/05/2007) |
| 11/05/2007 | 6 | PRO HAC VICE APPLICATION and PROPOSED ORDER submitted by PepsiCo, Inc. for attorney Donald H. Tucker, Jr. to appear Pro Hac Vice. Attorney Pollack, Joshua Judah added. (Pollack, Joshua) (Entered: 11/05/2007) |
| 11/06/2007 | | RECEIPT number #CAE200002455 $180.00 fbo Donald H. Tucker, Jr by Joshua J. Pollack on 11/6/2007. (Duong, D) (Entered: 11/06/2007) |
| 11/06/2007 | 8 | PRO HAC VICE ORDER signed by Judge Frank C. Damrell Jr. on 11/5/07. Application for Attorney Donald H. Tucker, Jr for Pepsi Bottling Ventures, LLC APPROVED.(Mena-Sanchez, L) (Entered: 11/06/2007) |
| 11/06/2007 | 9 | STIPULATION and PROPOSED ORDER Staying Case Pending Decision by Judicial Panel on Multidistrict Litigation by PepsiCo, Inc.. (Attachments: # 1 Signatures)(Pollack, Joshua) (Entered: 11/06/2007) |
| 11/07/2007 | 10 | STIPULATION and ORDER signed by Judge Frank C. Damrell Jr. on 11/06/07 ORDERING that pursuant to 9 Stipulation, that all proceedings in this matter are STAYED pending a determination by the JPML on dfts' Motion to consolidate and transfer filed 10/20/07 with the JPML. (Benson, A) (Entered: 11/07/2007) |
| 03/25/2008 | 11 | ORDER, CASE TRANSFERRED to the Southern District of New York. |

| | | |
|---|---|---|
| | | File, certified copy of transfer order, and docket sheet sent. CASE CLOSED. (Yin, K) (Entered: 03/31/2008) |
| 03/31/2008 | 12 | TRANSMITTAL of DOCUMENTS pursuant to 11 Order, Case Transferred Out to Another District on *3/25/2008* to * USDC Southern District of New York* *500 Pearl Street* *New York, NY 10007*. ** *Electronic Documents: 1 to 11. *. (Yin, K) (Entered: 03/31/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/07/2008 07:54:02 | | |
| **PACER Login:** | us5070 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-02100-FCD-JFM |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| AMANDA LITSCHKE, on behalf of herself and all others similarly situated | PEPSICO, INC., THE PEPSI BOTTLING GROUP, INC., and PEPSI BOTTLING VENTURES, LLC |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): El Dorado County, California | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>C. Brooks Cutter, SBN 121407<br>KERSHAW, CUTTER & RATINOFF<br>980 9th Street, Suite 1900<br>Sacramento, CA 94821<br>916-448-9800 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ Exceeds $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28U.S.C. §§1332(d)(2), 1391, 2201, 2202. Breach of consumer protection and unfair competition statutes in sale of misrepresented water.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☒ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

1  C. Brooks Cutter, SBN 121407
   KERSHAW, CUTTER & RATINOFF, LLP
2  980 9th Street, 19th Floor
   Sacramento, CA 95814
3  Telephone: (916) 448-9800
   Facsimile:  (916) 669-4499
4

5  Nicholas J. Drakulich, SBN 098135
   Jennings & Drakulich, LLP
6  2002 Jimmy Durante Blvd., Suite 400
   Del Mar, CA  92014
7  Telephone:  (858) 755-5887
   Facsimile:  (858) 755-6456
8

9  Attorneys for Plaintiffs

10                 UNITED STATES DISTRICT COURT

11                 EASTERN DISTRICT OF CALIFORNIA

12

13
   AMANDA LITSCHKE, on behalf of          Case No.
14 herself and all others similarly situated,
                                           **CLASS ACTION COMPLAINT AND**
15                                         **JURY DEMAND FOR TRIAL**
                    Plaintiffs,
16

17 vs.

18 PEPSICO, INC., THE PEPSI BOTTLING
   GROUP, INC., and PEPSI BOTTLING
19 VENTURES, LLC,

20                  Defendants.

21

22

23         Plaintiff AMANDA LITSCHKE, by and through her undersigned counsel, for herself and

24 all others similarly situated, hereby brings this Class action Complaint against Defendants

25 PEPSICO INC., THE PEPSI BOTTLING GROUP, INC. AND PEPSI BOTTLING VENTURES

26 LLC ("Defendants").  Plaintiff makes the following allegations based upon her personal

27

28
                                        -1-

knowledge as to her own acts, and upon information and belief as well as upon her attorneys'

investigative efforts as to Defendants' actions and misconduct as alleged herein:

### Nature of The Action

1.       In this class action lawsuit, Plaintiff seeks to obtain damages and/or compensatory

restitution for Defendants' wrongful and illegal sales and marketing of *Aquafina* bottled water

("*Aquafina*"), in that Defendants advertising, marketing and/or labeling of *Aquafina* failed to

inform consumers that the source of the water was public tap water, not water from an inherently

cleaner source, such as a mountain as implied in the logo on the *Aquafina* label.  Whether through

intentional, reckless, or negligent action, Defendants marketed and sold *Aquafina* notwithstanding

the fact that its content was undisclosed, mislabeled and misleading.  As a result, consumers like

Plaintiff herein purchased *Aquafina* not knowing the water's true source and accordingly have

suffered harm as set forth below plaintiff alleges (a) violations of Uniform Deceptive Acts and

Practices statutes (sometimes also referred to as "Consumer Protection Statutes"); (b) breach of

the implied warranty of merchantability; and (c) unjust enrichment.

2.       Plaintiff further seeks declaratory and injunctive relief to prevent a reoccurrence of

such wrongful activity by Defendants.

### Parties

3.       Plaintiff Amanda Litschke resides in Cameron Park, California and is a citizen of

the State of California.

4.       Defendant PepsiCo, Inc. ("Pepsi") is a corporation organized under the laws of the

State of North Carolina and has its principal place of business in Purchase, New York.

5.       Defendant The Pepsi Bottling Group, Inc. ("PBG") is a corporation organized

under the laws of the State of Delaware and has its principal place of business in Somers, New

York.

6.     Defendant Pepsi Bottling Ventures LLC ("PBV") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Raleigh, North Carolina.

7.     PBG and PBV (hereinafter collectively "Pepsi Bottlers") are bottling companies affiliated with Pepsi, are two of Pepsi's "anchor bottlers" of *Aquafina* and other Pepsi products, and are primarily responsible for manufacturing, selling and distributing *Aquafina* in California and throughout the United States.

8.     With respect to the conduct alleged herein, the acts and alleged wrongdoing of Defendants Pepsi and the Pepsi Bottlers may be imputed to each other inasmuch as they acted as the agents, alter-egos or co-conspirators of each other.

**Jurisdiction and Venue**

9.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) inasmuch as the Defendants are citizens of the States of New York, North Carolina and Delaware and the members of the Class alleged herein include persons who are citizens of States other than New York, North Carolina and Delaware; the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**Factual Allegations of the Plaintiff**

12.     On many occasions and for at least two to three years, Amanda Litschke purchased *Aquafina* at stores and gas stations in her neighborhood.

-3-

13.    Ms. Litsckhe believed, based upon Defendants' labeling of *Aquafina*, that the water used in it must have come from a cleaner, safer and special source.

14.    Ms. Litschke bought *Aquafina* in part because she believed that the water source it was from was cleaner, safer and special because the label indicated that it was "pure water".

15.    On or about August 2007, Ms. Litschke discovered that the water in *Aquafina* came from general tap water, and was not from a water source that was any cleaner, safer or special.

16.    As a result of this discovery, Ms. Litschke believed she had been misled by Defendants into purchasing *Aquafina* and was angry and shocked.  Ms. Litschke also believed that she had paid more for Aquafina than it was actually worth as a result of the misrepresentations.

### Class Action Allegations

17.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and a class (the "Class") consisting of all individuals in the United States who purchased *Aquafina* from the date of its introduction through the present (the "Class Period").  Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors.   Plaintiff reserves the right to amend the class definition, including the Class's possible division into subclasses, in order to obtain substantial justice for the wrongdoing asserted herein.

18.    The Class consists of hundreds of thousands if not millions of individuals, not only within the State of California, but also the other states in the United States.  Millions of bottles of *Aquafina* were sold during the Class Period.   Numerosity is therefore satisfied.

-4-

19.    Plaintiff's claims involve questions of law and fact common to the Class, because Plaintiff and other members of the Class were similarly affected by Defendants' unlawful and wrongful conduct that is complained of herein.

20.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel competent and experienced in class and consumer litigation and, in particular, this area of law, and Plaintiff has no conflict of interest with other Class members in the maintenance of this class action.  Plaintiff has no relationship with Defendants except as customers.  Plaintiff will vigorously pursue the claims of the Class.

21.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

a.    Whether the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

b.    Whether Defendants withheld information from and/or omitted to inform consumers on *Aquafina* labels that the water marketed and sold as *Aquafina* was bottled from sources of what is generally known as "tap water";

c.    Whether Defendants' withholding of information and/or failure to inform consumers as to the true source of the water marketed and sold as *Aquafina* resulted from negligent, reckless or intentional behavior;

d.    Whether Defendants' affirmatively promoted the water marketed and sold as *Aquafina* as being better fit for human consumption because of the "perfect" or more "pure" nature of the water's source;

e.    Whether Defendants' conduct respecting *Aquafina* violated New York GBL § 349, and the state consumer protection and/or uniform deceptive acts and practices statutes in effect in the various States;

f.    Whether Defendants' conduct breached the implied warranty of merchantability; and

g.    Whether Defendants' omissions in the labeling of *Aquafina* so as to conceal the true nature of the source of the water marketed and sold under the brand name *Aquafina* caused Defendants to be unjustly enriched when the totality of the circumstances are considered.

22.    A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

a.    Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue economies to both the courts and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

b.    Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

c.    Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

d.    No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

Complaint

23.     Class certification is fair and efficient as well because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which, as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

24.     Plaintiff anticipates that there will be no difficulty in the management of this litigation, and means exist to address issues of damages as have been utilized in other class actions, including aggregate damages, claims processes and/or determination of restitutionary amounts.

## **Factual Background**

25.     The bottled water industry in the United States reportedly accounts for revenues of approximately fifteen billion dollars annually.  It is a highly competitive industry where beverage companies are continuously trying to market their water as cleaner, safer and/or healthier than rivals' water.

26.     *Aquafina* was first introduced in 1994 and gained national distribution with Pepsi in 1997.

27.     *Aquafina* is currently the United States' best selling brand of bottled water based on sales volume, and Defendants received revenues in 2006 of approximately $2.17 billion on sales of *Aquafina*.

28.     Since its introduction, the water used in *Aquafina* is sourced from public drinking supplies, commonly known or referred to as "tap water".

29.     Defendants' labels on *Aquafina* currently state: "Bottled at the source P.W.S.".

30.     *Aquafina* labels do not indicate, state or imply the meaning of "P.W.S.", although the abbreviation actually stands for "Public Water Systems" or some similar phrase.

31.    Defendants' "blue mountain labels" on *Aquafina* contain a logo of a sun rising or setting over a mountain range and contains the slogan "Pure Water Perfect Taste".

32.    Defendants' blue mountain labels, therefore, implying that the origin of the water in *Aquafina* bottles is from a mountain source and/or a source more pure than either tap water or rivals' water.

33.    Defendants' website fails to inform consumers that the true nature of the source of the water marketed and sold as *Aquafina* is tap water.

34.    Defendants negligently, recklessly and/or intentionally misled consumers into believing that *Aquafina* was similar to, as good as and/or better than other rivals' water based upon, in part, the source of the water used in *Aquafina*.

35.    Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such information would be considered important to consumers when they made decisions of whether to purchase Defendants' *Aquafina* water, and that consumers would pay less for Aquafina and buy less Aquafina if they knew it was tap water.

36.    Defendants failed to disclose tap water as the true source of *Aquafina* to consumers because Defendants knew that such disclosure would be detrimental to the sales of Defendants' *Aquafina* water.

37.    On or about July 27, 2007, Defendants agreed to relabel *Aquafina* in order to include information that the source of the water was tap water.

38.    On or about July 27, 2007, Defendant Pepsi admitted that the prior labeling of *Aquafina* was misleading to reasonable consumers when Pepsi, referring to the re-labeling of *Aquafina*, released a statement saying: "If this helps clarify the fact that the water originates from public sources, then it's a reasonable thing to do."

-8-

# FIRST CAUSE OF ACTION

## FOR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW
### (By Plaintiff on her own behalf and on behalf of the Class)

39.    Plaintiff hereby incorporates by reference paragraphs 1-38 as if fully set forth herein.

40.    Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the bottling, manufacturing, marketing, labeling and sale of *Aquafina*.

41.    Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiff and members of the Class would not have purchased and/or paid the same amount for *Aquafina,* and they have therefore proximately suffered injury in fact and ascertainable losses.

42.    Defendants' deceptive, unconscionable or fraudulent representations and material omissions to consumers, including the failure to inform consumers of the true source of the water used in *Aquafina* and the mislabeling of the same, constituted unfair and deceptive acts and practices in violation of state consumer protection statutes.

43.    Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff and Class members for *Aquafina*.

44.    Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes, including, but not limited to Cal. Business and Professions Code §17200, California Legal Remedies Act Civil Code §1750, *et seq.*, as well as substantially similar statutes in effect in the other States.

**45.**    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the Class are entitled to a judgment declaring that Defendants' actions have been in violation of their statutory duties, that provides injunctive relief in order to ensure continued wrongful and similar acts do not occur hereafter, and that provides compensatory damages, treble damages, attorneys' fees, and/or costs of suit.

46.    Defendants received written notice of its violations of the California

Consumers Legal Remedies Act (the "CLRA") on September 4, 2007, from Plaintiff Amanda

Litschke on behalf of herself and all others similarly situated, satisfying the notice requirement of

the CLRA and any similar requirement in the other Consumer Protection Statutes. (*See* the notice

letter and certified mail receipt attached as Exhibits 1 and 2.) Defendants responded to this notice

and declined to take any action in response to the notice, and any additional notice would be futile

and unnecessary.

## SECOND CAUSE OF ACTION

### FOR BREACH OF IMPLIED WARRANTY
**(By Plaintiff on him own behalf and on behalf of the Class)**

Plaintiff hereby incorporates by reference paragraphs 1-45 as if fully set forth herein.

47.    Defendants impliedly warranted that *Aquafina*, a mass consumer item which

Defendants manufactured, bottled, promoted, distributed and sold to the market for bottled water

to Plaintiff, was merchantable.

48.    *Aquafina* was not merchantable within the meaning of the law inasmuch as, by

virtue of the labeling when purchased by Plaintiff and the Class, it (a) could not pass without

objection in the trade under its description; (b) it was not adequately contained, packaged and

labeled as part of the transaction; and/or (c) it did not conform to the promises and affirmations of

fact made on the package and label for the game. Therefore, Defendants breached the implied

warranties of merchantability when *Aquafina* was labeled, distributed, and sold to Plaintiff and

similarly situated persons.

49.    Any disclaimers of implied warranties are ineffectual as they were not provided to

Plaintiff or otherwise made known to Plaintiff, who were not informed of the material non-

compliance of the goods to the represented labeling. In addition, any such disclaimers are

unconscionable under the circumstances.

50.    As a direct and proximate result of Defendants' breach of implied warranty,

Plaintiff has sustained economic losses and other damages for which she is entitled to

compensatory and/or equitable damages in an amount to be proven at trial.

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIRD CAUSE OF ACTION**

**FOR UNJUST ENRICHMENT**
**(By Plaintiff on him own behalf and on behalf of the Class)**

Plaintiff hereby incorporates by reference paragraphs 1-50 as if fully set forth herein.

51.    Defendants obtained monies from the manufacture, labeling, distribution, marketing and/or sale of *Aquafina*, water that was, as they knew or reasonably should have known was mislabeled because the label omitted that the source of the water was tap water and contained images and/or words that implied that the source of the water was more pure and/or better than tap water and/or the bottled water of Defendants' rivals.  When considered under the totality of the circumstances regarding Defendants' knowledge regarding *Aquafina*, Defendants have been unjustly enriched to the detriment of Plaintiff and the other members of the Class, as alleged above, by retention of consumer's purchase monies received directly or indirectly.  These unjust benefits were conferred on Defendants by consumers as a direct result of the omissions and mislabeling made by Defendants.

52.    Defendants' retention of some or all of the monies they have gained through their wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

53.    Defendants should be required to disgorge their unjustly obtained monies and to make restitution to Plaintiff and the other members of the Class, in an amount to be determined, of the monies by which they have been unjustly enriched.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1.    For an Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and her counsel to represent such Classes and subclasses as appropriate under Rule 23(g);

2.    For the declaratory and equitable relief requested;

-11-

1

2          3.      For compensatory, equitable and/or restitutionary damages according to proof and

for all applicable statutory damages under California Business & Professions Code §17200 *et*

3      *seq.*, Consumer Legal Remedies Act, Civil Code § 1750 *et seq.,* and under the consumer

4      protection legislation of the other states and the District of Columbia;

5          4.      For an award of attorneys' fees and costs;

6          5.      For prejudgment interest and the costs of suit;

7          6.      For such other and further relief as this Court may deem just and proper.

8

9      Dated:  October ___4___, 2007        KERSHAW, CUTTER & RATINOFF, LLP

10

11                                  By: _____

12                                       C. Brooks Cutter, SBN 121407
                                KERSHAW, CUTTER & RATINOFF, LLP

13                                     980 9th Street, Suite 1900
                                Sacramento, CA  95814

14                                     Telephone:  916-448-9800
                                Attorneys for Plaintiffs

15                                     JENNINGS & DRAKULICH, LLP

16                                    By: _____

17                                     Nicholas J. Drakulich, SBN 098135
                                JENNINGS & DRAKULICH, LLP

18                                     2002 Jimmy Durante Blvd., Suite 400
                                Del Mar, CA  92014

19                                     Telephone:  (858) 755-5887

20

21     ///

22     ///

23     ///

24     ///

25     ///

26     ///

27     ///

28     ///

-12-

Complaint

1

## JURY DEMAND

2

Plaintiffs demand a trial by jury on all issues triable as of right by a jury.

3

4

Dated:  October ___4___, 2007          KERSHAW, CUTTER & RATINOFF, LLP

5

6

                                       By: _____

7

                                       C. Brooks Cutter, SBN 121407
                                       KERSHAW, CUTTER & RATINOFF, LLP

8

                                       980 9th Street, Suite 1900
                                       Sacramento, CA  95814

9

                                       Telephone:  916-448-9800
                                       Attorneys for Plaintiffs

10

11

                                       JENNINGS & DRAKULICH, LLP

12

                                       By: _____

13

                                       Nicholas J. Drakulich, SBN 098135
                                       JENNINGS & DRAKULICH, LLP

14

                                       2002 Jimmy Durante Blvd., Suite 400
                                       Del Mar, CA  92014

15

                                       Telephone:  (858) 755-5887

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

Complaint

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**AMANDA LITSCHKE,**

                    V.                                **SUMMONS IN A CIVIL CASE**

**PEPSICO, INC., ET AL.,**

                               CASE NUMBER: **2:07–CV–02100–FCD–JFM**

    TO: **PepsiCo, Inc., The Pepsi Bottling Group, Inc., Pepsi Bottling Ventures, LLC**
Defendant's Address:

    **YOU ARE HEREBY SUMMONED** and required to serve on

**C. Brooks Cutter**
**Kershaw, Cutter & Ratinoff, LLP**
**980 – 9th Street, 19th Floor**
**Sacramento, CA 95814**

an answer to the complaint which is served on you with this summons, within **20** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.



**VICTORIA C. MINOR**
————————————————————
CLERK

**/s/ M. Marciel**
————————————————————

(By) DEPUTY CLERK

**ISSUED ON 2007–10–05 16:09:15.0**, Clerk
USDC EDCA

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____

_____

_____

☐ Other (specify) :_____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on        _____          _____
                              Date                              *Signature of Server*

                                                    _____
                                                    *Address of Server*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

**AMANDA LITSCHKE,**

                    Plaintiffs,                    NO. **2:07–CV–02100–FCD–JFM**

v.

                                            **ORDER REQUIRING JOINT**

**PEPSICO, INC., ET AL.,**                    **STATUS REPORT**

                    Defendants.

———————————————————

    This action has been assigned to the Honorable Frank C. Damrell, Jr. Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

    1. Plaintiff(s) shall complete service of process on all parties within one hundred and twenty (120) days of the date of the filing of the complaint;

    2. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service.   Any party who impleads a third–party defendant shall serve upon that party a copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service;

    3. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such removal, serve upon each of the other parties named in the complaint, and upon all parties subsequently joined, a copy of this order and shall file with the Clerk of the Court a certificate reflecting such service;

    4. Within sixty (60) days of service of the complaint **on all parties**, or from the date of removal, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and submit to the court a **joint status report** that includes the Rule 26(f) discovery plan. **The parties are instructed to submit a Joint Status Report with all named parties participating in its completion.   If this cannot be accomplished plaintiff's counsel shall contact the undersigned for further instructions prior to the submission of any report.**   The status report shall address the following matters:

        (a) a brief summary of the claims and legal theories under which recovery is
          sought or liability is denied;

        (b) status of service upon all defendants and cross–defendants;

(c) possible joinder of additional parties;

(d) contemplated amendments to the pleadings;

(e) the statutory basis for jurisdiction and venue;

(f) anticipated discovery and the scheduling of discovery, including:

> (1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

> (2) the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases;

> (3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

> (4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and

> (5) proposed dates for discovery cut−off;

(g) contemplated dispositive motions and proposed date by which all non−discovery motions shall be heard;

(h) proposed date for final pretrial conference;

(i) proposed date for trial, estimate of days of trial, and whether any party has demanded a jury;

(j) appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c);

(k) proposed modification of standard pretrial procedures because of the simplicity or complexity of the case;

(l) whether the case is related to any other case pending in this district, including the bankruptcy courts of this district;

(m) prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge; and

(n) any other matters that may be conducive to the just and expeditions disposition of the case.

5. The Court, upon review of the joint status report may:

(a) by minute order, set a status conference to be held either by telephone or in person; or

(b) issue a scheduling order incorporating the suggestions of counsel as contained in the joint status report.

6. In the rare event the parties are not able to file a joint status report, each party must file an individual status report and attach a declaration setting forth, in detail, the circumstances that prevented the parties from filing a joint status report.

7. If a status conference is held, a formal order will be issued regarding future proceedings in the case. Counsel are directed to read the order carefully. Request to modify or vacate any date set forth in the order are not favored and will not be granted absent good cause.

8. All purely legal issues are to be resolved by timely pretrial motions. Motions shall be filed in accordance with L.R. 78–230(b). **The court places a page limit of twenty (20) pages on all initial moving papers. Opposition papers shall be filed in accordance with L.R. 78–230(c) and the court places a page limit of twenty (20) pages on oppositions, and a page limit of ten (10) pages for replies. All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.** Any party that does not oppose the granting of the motion shall file a statement of non–opposition in accordance with L.R. 78–230(c). The failure to file an opposition or statement of non–opposition in accordance with L.R. 78–230(c) may be deemed consent to the granting of the motion and the court may dispose of the motion summarily. Brydes v. Lewis, 18 F.3d 651, 652–53 (9th Cir. 1994).

9. Counsel are reminded of their continuing duty pursuant to L.R. 16–160 to immediately notify the courtroom deputy and chambers of any settlement or other disposition of the case.

Dated:  October 5, 2007         /s/ M. Price_____
                                Maureen A. Price
                                Courtroom Deputy
                                (916) 930–4163 fax (916) 491–3932
                                email: mprice@caed.uscourts.gov
                                Proposed orders to: fcdorders@caed.uscourts.gov

**NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE**

**TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS**

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73–305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk

501 I Street, Room 4–200

Sacramento, CA 95814

Office of the Clerk

2500 Tulare Street , Suite 1501

Fresno, CA 93721

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

<u>**AMANDA LITSCHKE,**</u>
    Plaintiff(s)/Petitioner(s),

vs.

CASE NO.  <u>**2:07–CV–02100–FCD–JFM**</u>

<u>**PEPSICO, INC., ET AL.,**</u>
    Defendant(s)/Respondents(s).

---

<u>IMPORTANT</u>
   **IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐    <u>**CONSENT**</u> **TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

   In accordance with the provisions of Title 28, U.S.C. Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

   Date: _____            Signature: _____

                                     Print Name: _____
                                       ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
                                     ( ) Counsel for *_____

---

☐    <u>**DECLINE**</u> **OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

   Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

   Date: _____            Signature: _____

                                     Print Name: _____
                                       ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
                                     ( ) Counsel for *_____

---

***If representing more than one party, counsel must indicate name of each party responding.**

## NOTICE OF AVAILABILITY

### VOLUNTARY DISPUTE RESOLUTION

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.,* and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 16–271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties.  Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court.  After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods.   These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation.   The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 16–271, ***this Local Rule applies to*** all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances.   The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 16–271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

| Sacramento Cases | Fresno Cases |
|---|---|
| Voluntary Dispute Resolution | Voluntary Dispute Resolution |
| Program Administrator | Program Administrator |
| United States District Court | United States District Court |
| 501 "I" Street , Suite 4–200 | 2500 Tulare Street , Suite 1501 |
| Sacramento, CA 95814 | Fresno, CA 93721 |
| (916) 930–4280 | (559) 499–5600 |

Attorney Identification
(include State Bar number)

Attorney(s) for:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**AMANDA LITSCHKE,**                                      NO.__**2:07–CV–02100–FCD–JFM**_____
                    Plaintiff(s)

                    v.                                    STIPULATION TO ELECT
                                                          REFERRAL OF ACTION TO VOLUNTARY
                                                          DISPUTE RESOLUTION PROGRAM (VDRP)
**PEPSICO, INC., ET AL.,**                                PURSUANT TO LOCAL RULE 16–271
                    Defendant(s)
_____/

        Pursuant to Local Rule 16–271, the parties hereby agree to submit the above–entitled action to

the Voluntary Dispute Resolution Program.



        DATED:_____


                              _____
                              Name:
                              Attorney(s) for Plaintiff(s)


                              _____
                              Name:
                              Attorney(s) for Defendant(s)



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**PRO HAC VICE APPLICATION,**
**ECF REGISTRATION AND CONSENT**
**TO ELECTRONIC SERVICE,**
**PROPOSED ORDER**

Litschke v. PepsiCo, Inc.

Plaintiff(s),

Case No.   2:07-cv-02100-FC-JFM

v.

The Pepsi Bottling Group, Inc., et al.

Defendant(s).

I, _Donald H. Tucker, Jr._____,

attorney for____Pepsi Bottling Ventures LLC_____,

hereby petition for admission to practice Pro Hac Vice under the provision of Local Rule

83-180(b)(2). I understand and consent to ECF Registration and Electronic Service as detailed

below and I have submitted payment in the amount of $180.00 to the Clerk, U.S. District Court.

In support of this petition, I state under penalty of perjury that:

My business address is:

Firm Name:        Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP

Address:          2500 Wachovia Capitol Center

                  P.O. Box 2611

City:             Raleigh

State:            NC                 ZIP Code:  27602-2611

Voice Phone:      ( 919   )  821-6681

FAX Phone:        ( 919   )  821-6800

Internet E-mail:  dtucker@smithlaw.com

Additional E-mail:

I reside in City:   Raleigh                    State:  NC

I was admitted to practice in the _State Bar of North Carolina_____ (court)

on _August 18, 1984_____(date). I am presently in good standing and

eligible to practice in said court. I am not currently suspended or disbarred in any other court.

I have ☐ / have not ☑ concurrently or within the year preceding this application made a

pro hac vice application to this court.  (If you have made a pro hac vice application to this court

within the last year, list the name and case number of each matter in which an application was

made, the date of application and whether granted or denied.)

_____

_____

_____ .

I hereby designate the following member of the Bar of this Court who is registered for

ECF with whom the Court and opposing counsel may readily communicate regarding the

conduct of the case and upon whom electronic notice shall also be served via the court's ECF

system:

Name:          Joshua J. Pollack

Firm Name:     Proskauer Rose LLP

Address:       2049 Century Park East

               Suite 3200

City:          Los Angeles

State:         CA          ZIP Code:  90067-3206

Voice Phone:  ( 310    )  284-5677

FAX Phone:    ( 310    )  557-2193

E-mail:        jpollack@proskauer.com

Dated:  November 5, 2007          Petitioner:  _____

**ORDER**

IT IS SO ORDERED.

Dated: _____          _____

                                    JUDGE, U.S. DISTRICT COURT

Save As          Print



**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

**PRO HAC VICE APPLICATION,
ECF REGISTRATION AND CONSENT
TO ELECTRONIC SERVICE,
PROPOSED ORDER**

Litschke v. PepsiCo, Inc.

                            Plaintiff(s),

                                        Case No. 2:07-cv-02100-FC-JFM

v.

The Pepsi Bottling Group, Inc., et al.

                            Defendant(s).

       I, __Donald H. Tucker, Jr._____,

attorney for_____Pepsi Bottling Ventures  LLC_____,

hereby petition for admission to practice Pro Hac Vice under the provision of Local Rule

83-180(b)(2).  I understand and consent to ECF Registration and Electronic Service as detailed

below and I have submitted payment in the amount of $180.00 to the Clerk, U.S. District Court.

In support of this petition, I state under penalty of perjury that:

       My business address is:

Firm Name:          ___Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP_____

Address:            __2500 Wachovia Capitol Center_____

                  __P.O. Box 2611_____

City:               __Raleigh_____

State:             __NC_____  ZIP Code:__27606-2611_____

Voice Phone:      (____919____)  821-6681_____

FAX Phone:       (____919____)  821-6800_____

Internet E-mail:  _dtucker@smithlaw.com_____

Additional E-mail:  _____

I reside in City:      __Raleigh_____  State:__NC_____

       I was admitted to practice in the _____State Bar of North Carolina_____ (court)

on ____August 18, 1984_____(date).  I am presently in good standing and

eligible to practice in said court.  I am not currently suspended or disbarred in any other court.

I have ☐ / have not  concurrently or within the year preceding this application made a pro hac vice application to this court.  (If you have made a pro hac vice application to this court within the last year, list the name and case number of each matter in which an application was made, the date of application and whether granted or denied.)

_____

_____

_____ .

I hereby designate the following member of the Bar of this Court who is registered for ECF with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom electronic notice shall also be served via the court's ECF system:

Name:         Joshua J. Pollack_____

Firm Name:     Proskauer Rose LLP_____

Address:      2049 Century Park East_____

             Suite 3200_____

City:         Los Angeles_____

State:         CA_____    ZIP Code:  90067-3206_____

Voice Phone:  (    310    )  284-5677_____

FAX Phone:    (    310    )  557-2193_____

E-mail:        jpollack@proskauer.com_____

Dated:   November 5, 2007_____    Petitioner:    /s/ Donald H. Tucker, Jr._____

**ORDER**

IT IS SO ORDERED.

Dated: November 5, 2007____

_____

JUDGE, U.S. DISTRICT COURT

1   JOSHUA J. POLLACK, SBN 215922
    PROSKAUER ROSE LLP
2   2049 Century Park East, 32nd Floor
    Los Angeles, CA  90067-3206
3   Telephone:     (310) 557-2900
    Facsimile:     (310) 557-2193
4   E-mail:  jpollack@proskauer.com

5   Attorneys for Defendants
    PEPSICO, INC. and THE PEPSI
6   BOTTLING GROUP, INC.

7

8                   UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  AMANDA LITSCHKE, on behalf of          )   Case No. 2:07-cv-02100 (FCD/JFM)
    herself and all other similarly situated,  )
12                                         )
                      Plaintiff,           )   **STIPULATION AND
13                                         )   [PROPOSED] ORDER STAYING
                vs.                        )   CASE PENDING DECISION BY
14                                         )   JUDICIAL PANEL ON
    PEPSICO, INC., THE PEPSI BOTTLING      )   MULTIDISTRICT LITIGATION**
15  GROUP, INC., and PEPSI BOTTLING        )
    VENTURES LLC,                          )
16                                         )
                      Defendants.          )
17  ———————————————————————————)

18          IT IS HEREBY STIPULATED AND AGREED by and between Defendants

19  Pepsico, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC, and

20  the Plaintiff Amanda Litschke, on behalf of herself and all others similarly situated,

21  that all proceedings in this matter are stayed pending a determination by the Judicial

22  Panel on Multidistrict Litigation ("JPML") on the Motion To Consolidate and

23

24

25

26

27

28

Transfer filed October 2, 2007 by defendants PepsiCo, Inc. and The Pepsi Bottling Group, Inc. with the JPML.

DATED: November 6, 2007               JOSHUA J. POLLACK
                                      PROSKAUER ROSE LLP


                                      By: /s/ Joshua J. Pollack, Esq.

                                              Joshua J. Pollack
                                      Attorneys for Defendants
                                      PEPSICO, INC., and THE PEPSI
                                      BOTTLING GROUP, INC.

DATED: November __, 2007              DONALD H. TUCKER, JR.
                                      SMITH, ANDERSON, BLOUNT,
                                      DORSETT, MITCHELL & JERNIGAN,
                                      LLP

                                      By: [See attached signature page]
                                              Donald H. Tucker, Jr.*
                                      (*Pro Hac Vice application pending)
                                      Attorneys for Defendant
                                      PEPSI BOTTLING VENTURES LLC


DATED: November __, 2007              C. BROOKS CUTTER
                                      KERSHAW, CUTTER & RATINOFF,
                                      LLP

                                      NICHOLAS J. DRAKULICH
                                      JENNINGS & DRAKULICH, LLP

                                      By: [See attached signature page]
                                              C. Brooks Cutter
                                      Attorneys for Plaintiffs

## ORDER

Good Cause Appearing, IT IS SO ORDERED.

DATED: _____        _____
                                The Honorable Frank C. Damrell, Jr.,
                                Judge, United States District Court

1  Transfer filed October 2, 2007 by defendants PepsiCo, Inc. and The Pepsi Bottling

2  Group, Inc. with the JPML.

3

4

5  DATED: November ___, 2007          JOSHUA J. POLLACK
                                      PROSKAUER ROSE LLP
6

7                                     By: _____/s/_____

8                                              Joshua J. Pollack
                                      Attorneys for Defendants
9                                     PEPSICO, INC., and THE PEPSI
                                      BOTTLING GROUP, INC.
10

11 DATED: November 5th, 2007          DONALD H. TUCKER, JR.
                                      SMITH, ANDERSON, BLOUNT,
12                                    DORSETT, MITCHELL & JERNIGAN,
                                      LLP
13

14                                    By: _____
                                               Donald H. Tucker, Jr.*
15                                    (*Pro Hac Vice application pending)
                                      Attorneys for Defendant
16                                    PEPSI BOTTLING VENTURES LLC

17

18 DATED: November ___, 2007          C. BROOKS CUTTER
                                      KERSHAW, CUTTER & RATINOFF,
19                                    LLP

20                                    NICHOLAS J. DRAKULICH
                                      JENNINGS & DRAKULICH, LLP
21

22                                    By: _____
                                              C. Brooks Cutter
23                                    Attorneys for Plaintiffs

24                                    **ORDER**

25 Good Cause Appearing, IT IS SO ORDERED.

26

27 DATED: _____

28                                    The Honorable Frank C. Damrell, Jr.,
                                      Judge, United States District Court

1  Transfer filed October 2, 2007 by defendants PepsiCo, Inc. and The Pepsi Bottling

2  Group, Inc. with the JPML.

3

4

5  DATED: November __, 2007          JOSHUA J. POLLACK
                                     PROSKAUER ROSE LLP
6

7                                    By: _____/s/_____

8                                          Joshua J. Pollack
                                     Attorneys for Defendants
9                                    PEPSICO, INC., and THE PEPSI
                                     BOTTLING GROUP, INC.
10

11 DATED: November __, 2007          DONALD H. TUCKER, JR.
                                     SMITH, ANDERSON, BLOUNT,
12                                   DORSETT, MITCHELL & JERNIGAN,
                                     LLP
13

14                                   By: _____
                                           Donald H. Tucker, Jr.*
15                                   (*Pro Hac Vice application pending)
                                     Attorneys for Defendant
16                                   PEPSI BOTTLING VENTURES LLC

17

18 DATED: November 5, 2007           C. BROOKS CUTTER
                                     KERSHAW, CUTTER & RATINOFF,
19                                   LLP

20                                   NICHOLAS J. DRAKULICH
                                     JENNINGS & DRAKULICH, LLP
21
                                     By: _____
22                                         C. Brooks Cutter
                                     Attorneys for Plaintiffs
23

24                          **ORDER**

25 Good Cause Appearing, IT IS SO ORDERED.

26

27 DATED: _____

28                                   _____
                                     The Honorable Frank C. Damrell, Jr.,
                                     Judge, United States District Court

1  JOSHUA J. POLLACK, SBN 215922
   PROSKAUER ROSE LLP
2  2049 Century Park East, 32nd Floor
   Los Angeles, CA  90067-3206
3  Telephone:    (310) 557-2900
   Facsimile:    (310) 557-2193
4  E-mail:  jpollack@proskauer.com

5  Attorneys for Defendants
   PEPSICO, INC. and THE PEPSI
6  BOTTLING GROUP, INC.

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 AMANDA LITSCHKE, on behalf of        )  Case No. 2:07-cv-02100 (FCD/JFM)
   herself and all other similarly situated,  )
12                                       )
              Plaintiff,                 )  **STIPULATION AND ORDER**
13                                       )  **STAYING CASE PENDING**
              vs.                        )  **DECISION BY JUDICIAL**
14                                       )  **PANEL ON MULTIDISTRICT**
   PEPSICO, INC., THE PEPSI BOTTLING     )  **LITIGATION**
15 GROUP, INC., and PEPSI BOTTLING       )
   VENTURES LLC,                         )
16                                       )
              Defendants.                )
17 ——————————————————————  )

18     IT IS HEREBY STIPULATED AND AGREED by and between Defendants

19

20 Pepsico, Inc., The Pepsi Bottling Group, Inc., and Pepsi Bottling Ventures LLC, and

21

22 the Plaintiff Amanda Litschke, on behalf of herself and all others similarly situated,

23

24 that all proceedings in this matter are stayed pending a determination by the Judicial

25 Panel on Multidistrict Litigation ("JPML") on the Motion To Consolidate and

26 ///

27 ///

28 ///

1  Transfer filed October 2, 2007 by defendants PepsiCo, Inc. and The Pepsi Bottling

2  Group, Inc. with the JPML.

3

4

5  DATED: November 6, 2007            JOSHUA J. POLLACK
                                      PROSKAUER ROSE LLP
6

7                                     By: /s/ Joshua J. Pollack, Esq.

8                                            Joshua J. Pollack
                                      Attorneys for Defendants
9                                     PEPSICO, INC., and THE PEPSI
                                      BOTTLING GROUP, INC.
10

11 DATED: November __, 2007           DONALD H. TUCKER, JR.
                                      SMITH, ANDERSON, BLOUNT,
12                                    DORSETT, MITCHELL & JERNIGAN,
                                      LLP
13

14                                    By: [See attached signature page]
                                             Donald H. Tucker, Jr.*
15                                    (*Pro Hac Vice application pending)
                                      Attorneys for Defendant
16                                    PEPSI BOTTLING VENTURES LLC

17

18 DATED: November __, 2007           C. BROOKS CUTTER
                                      KERSHAW, CUTTER & RATINOFF,
19                                    LLP

20                                    NICHOLAS J. DRAKULICH
                                      JENNINGS & DRAKULICH, LLP
21

22                                    By: [See attached signature page]
                                             C. Brooks Cutter
23                                    Attorneys for Plaintiffs

24                                        **ORDER**

25
       IT IS SO ORDERED.
26
   DATED:  November 6, 2007
27

28                                    FRANK C. DAMRELL, JR.
                                      UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136



**FILED**

MAR 2 5 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

J. Michael McMahon
Clerk

USDC ED OF CALIFORNIA

Date: 3/20/08

In Re:     Pepsico

MDL     1903

Your Docket #

S.D. OF N.Y.

2:07-2100 FCD JFM

08 cv 2914

Dear Sir:

    Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge   BRIEANT
for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

    Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By:
MDL Unit
(212) 805-0646

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk

USDC ED OF CALIFORNIA

Date: 3/20/08

In Re:     Pepsico

MDL     1903

Your Docket #

S.D. OF N.Y.

2:07-2100

08 cv 2914

Dear Sir:

     Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge   BRIEANT
for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

     Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By:
MDL Unit
(212) 805-0646

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**A CERTIFIED TRUE COPY**

MAR 1 7 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 28 2008

FILED
CLERK'S OFFICE

# JUDGE BRIEANT

UNITED STATES JUDICIAL PANEL
on
**MULTIDISTRICT LITIGATION**

*F,LED*
*SD/NY*
*3/20/08*

# 08 CV 2914

IN RE: PEPSICO, INC., BOTTLED WATER MARKETING
AND SALES PRACTICES LITIGATION
Amanda Litschke v. PepsiCo, Inc., et al.,
E.D. California, C.A. No. 2:07-2100

)
)

MDL No. 1903

## CONDITIONAL TRANSFER ORDER (CTO-1)

On February 14, 2008, the Panel transferred two civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable Charles L. Brieant.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Brieant.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of February 14, 2008, and, with the consent of that court, assigned to the Honorable Charles L. Brieant.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAR 1 7 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED COPY
J. MICHAEL McMAHON,     . CLERK

BY
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

**OFFICE OF THE CLERK**
**501 "I" Street**
**Sacramento, CA 95814**

USDC Southern District of New York
500 Pearl Street
New York, NY 10007

**RE:**        **AMANDA LITSCHKE vs.  PEPSICO, INC.**
**USDC No.:**        **2:07–CV–02100–FCD–JFM**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
March 25, 2008 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 11.**

   Documents maintained electronically by the district court are accessible through
   PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please <u>acknowledge</u> receipt on the extra copy of this letter and return to the Clerk's Office.

                              Very truly yours,

**March 31, 2008**            /s/  **K. Yin**
                              _____
                              Deputy Clerk

RECEIVED BY:        _____
                              Please Print Name

DATE RECEIVED:        _____

NEW CASE
NUMBER:        _____